**NOTICE**
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231142-U

NO. 4-23-1142

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

**FILED**
August 8, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ARTEMIS OF NAPLES, LLC, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| CHRISTOPHER PAWLOWICZ and JOANNA | ) | No. 23EV1294 |
| OSTASZKIEWICZ, | ) | |
|     Defendants-Appellants. | ) | Honorable |
| | ) | Donald P. Shriver, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because defendants failed to present a sufficiently complete record of the
proceedings in the trial court, the appellate court was required to presume that the
trial court's eviction order was entered in conformity with the law and supported
by an adequate factual basis.

¶ 2    Defendants, Christopher Pawlowicz and Joanna Ostaszkiewicz, appeal the trial
court's eviction order against them and in favor of plaintiff, Artemis of Naples, LLC. On appeal,
defendants argue the court erred in entering the eviction order because (1) the issue of ownership
of the subject property was pending in another case and (2) plaintiff lacked standing to file the
eviction complaint. We affirm.

¶ 3                    I. BACKGROUND

¶ 4          On August 2, 2023, plaintiff filed an eviction complaint against defendants, alleging it owned and was entitled to possession of the property located at 6007 Basin Drive in Loves Park, Illinois. Plaintiff further alleged that defendants refused to leave the property after receiving notice that their lease had ended. Defendants initially filed a *pro se* appearance on September 14, 2023. However, on September 26, 2023, counsel for defendants filed his appearance on their behalf.

¶ 5          On September 27, 2023, defendants filed a motion to dismiss plaintiff's eviction complaint. Defendants argued the eviction complaint should be dismissed because the issue of ownership of the subject property "remains open and pending" in Winnebago County case No. 22-FC-8 and "the parties and the property in question are all the same."

¶ 6          Also on September 27, 2023, the trial court conducted a hearing on the eviction complaint and defendants' motion to dismiss. The court entered an eviction order awarding plaintiff possession of the property and ordering defendants to move out by October 31, 2023. On the form eviction order, the court checked a box indicating the order was entered "By agreement (the court having made no factual findings)." Next to the language about having made no factual findings, the court added the following handwritten statement: "Except the court taking judicial notice of the order entered 1/20/2023 in case 2022 FC 8 stating [plaintiff] is the owner of the subject property." The court also checked boxes indicating that plaintiff, defendants, and counsel for both had appeared in court. However, no transcript of the hearing appears in the record on appeal.

¶ 7          On October 6, 2023, defendants filed a "Motion to Vacate/Reconsider." Defendants argued the eviction order should be vacated because it conflicted with an order entered on June 27, 2023, in case No. 22-FC-8 that gave possession of the property to a company

- 2 -

owned by defendant Ostaszkiewicz until the property was sold. On October 23, 2023, the trial court entered a written order denying defendants' motion to reconsider. The court indicated in its order that it had "heard argument of Counsel" and was denying the motion "[f]or the reasons as stated in open court." No transcript of the hearing on defendants' motion appears in the record on appeal.

¶ 8            On October 26, 2023, defendants filed a notice of appeal. Defendants appealed both the eviction order and the trial court's order denying their motion to reconsider.

¶ 9            On October 30, 2023, defendants filed an "Emergency Motion to Extend Stay of Eviction Order." Defendants argued that the issue of ownership of the subject property remained pending in case No. 22-FC-8. Defendants requested that the trial court stay the eviction order "until the issue is adjudicated in the Appellate Court."

¶ 10           On November 6, 2023, plaintiff filed a motion to supplement the record on appeal pursuant to Illinois Supreme Court Rule 329 (eff. July 1, 2017). Plaintiff maintained that because the trial court took judicial notice of the foreclosure order in case No. 22-FC-8 in finding that plaintiff owned the subject property, that order was "of significant importance" and needed to be included in the record on appeal. Also on November 6, plaintiff notified defendant pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017) that it deemed the transcripts of the September 27, 2023, and October 23, 2023, hearings necessary for inclusion in the report of proceedings on appeal.

¶ 11           On December 11, 2023, the trial court entered an order granting both plaintiff's motion to supplement the record on appeal with the foreclosure order in case No. 22-FC-8 and defendants' emergency motion to stay the eviction order during the pendency of the instant appeal.

¶ 12        Defendants did not secure the transcripts identified by plaintiff in its November 6, 2023, notice and proceeded to file their appellants' brief on February 2, 2024. However, about a month later, on March 4, 2024, defendants filed a motion in this court stating they "recently discovered that the Record on Appeal [does] not include Transcripts of the Proceedings" and requested they be allowed to supplement the record. They also requested a six-week extension for the filing of plaintiff's appellee's brief and their reply brief. Plaintiff objected to the motion to supplement, stating defendants were obviously aware the transcripts were not included in the record on appeal after they were put on notice by plaintiff in November 2023 of the need for the transcripts and that the transcripts were not thereafter made part of the record. Plaintiff argued it would be unfairly prejudiced by any additional delay in light of the fact the trial court had stayed granting it possession of the subject property during the pendency of the appeal. This court subsequently denied defendants' motion to supplement the record.

¶ 13                                    II. ANALYSIS

¶ 14        On appeal, defendants argue the trial court erred in entering the eviction order because (1) the issue of ownership of the subject property was pending in another case and (2) plaintiff lacked standing to file the eviction complaint.

¶ 15        Before reaching the merits, we must address the deficiencies in the record on appeal that has been presented by defendants. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with [the] law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. Illinois Supreme Court Rule 323(a) (eff. July 1,

- 4 -

2017) provides that the report of proceedings "may include evidence, oral rulings of the trial judge, a brief statement of the trial judge of the reasons for his decision, and any other proceedings that the party submitting it desires to have incorporated in the record on appeal." "The report of proceedings shall include all the evidence pertinent to the issues on appeal." *Id.* Rule 323 further provides that the appellant may prepare a bystander's report or the parties can stipulate to an agreed statement of facts. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017).

¶ 16    Here, the record on appeal contains only the common law record. There is no report of proceedings in the record, which means there is no transcript of the proceedings that occurred on September 27, 2023, or October 23, 2023, even though plaintiff notified defendants that it deemed these transcripts necessary for inclusion in the record on appeal. Defendants have also failed to include a bystander's report or an agreed statement of facts in lieu of the pertinent transcripts. Thus, the only relevant material in the record is the eviction complaint, defendants' motion to dismiss the complaint, the trial court's form eviction order, defendants' motion to reconsider the eviction order, and the court's written order denying defendants' motion to reconsider. The court's eviction order indicates that the parties and their attorneys were present in court on September 27, 2023, when the court conducted a hearing on the eviction complaint. However, nothing in the record shows what evidence was presented at the hearing or reflects the arguments of the parties; although we do note that the eviction order indicates it was entered "[b]y agreement" of the parties. Similarly, the court's October 23, 2023, written order denying defendants' motion to reconsider states that "having heard argument of Counsel, and having made all due considerations," the court was denying the motion "[f]or the reasons as stated in open court." Again, without a transcript of the proceedings, this court has no way of knowing what evidence was presented or the substance of the parties' arguments. Thus, given the

insufficiency of the record before us, we must presume that both the court's eviction order and its order denying defendants' motion to reconsider were in conformity with the law. See *Foutch*, 99 Ill. 2d at 392 (stating that in the absence of a sufficiently complete record on appeal, "it will be presumed that the order entered by the trial court was in conformity with [the] law and had a sufficient factual basis").

¶ 17 In closing, we note that because we are affirming the trial court's judgment granting plaintiff the relief it requested in its eviction complaint, we find it unnecessary to address its motion to strike defendants' appellant's brief that was taken with the case.

¶ 18       III. CONCLUSION

¶ 19 For the reasons stated, we affirm the trial court's judgment.

¶ 20 Affirmed.